

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NO. WR-92,475-01

### EX PARTE MATHEW DAVID LOZOYA, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. F46837-A IN THE 18TH DISTRICT COURT
### FROM JOHNSON COUNTY

*Per curiam*.

## O R D E R

Applicant pleaded guilty to two counts of obtaining a controlled substance by fraud, and was sentenced to four years' imprisonment for count one and ten years' community supervision for count two, to run concurrently. More than five years after his plea of guilty, after his sentence in count one had been discharged, Applicant pleaded true to violating the terms of his community supervision in count two. His community supervision was revoked, and he was sentenced to five years' imprisonment on November 15, 2019.

On October 9, 2020, pursuant to its continuing duty under Article 39.14 of the Texas Code of Criminal Procedure to disclose exculpatory or impeaching evidence, the State notified Applicant of "newly discovered evidence." Specifically, the State notified Applicant that the offense to which

Applicant pleaded guilty in count two was a third degree felony pursuant to Texas Health and Safety Code §481.129(a)(d)(2), and that under Article 42A.053(d)(2)(B)(ii) of the Texas Code of Criminal Procedure, the maximum period of community supervision authorized for a third degree felony under Chapter 481 of the Texas Health and Safety Code is five years.

Applicant thereafter filed this application for a writ of habeas corpus in the county of conviction, and the district clerk forwarded it to this Court. *See* TEX. CODE CRIM. PROC. art. 11.07.

Applicant contends, among other things, that the trial court lacked jurisdiction to revoke Applicant's community supervision after the maximum period of community supervision authorized by statute had expired, resulting in a void sentence after revocation. We order that this application be filed and set for submission to determine: 1) whether, when an applicant receives a period of community supervision that is longer than the period authorized by statute for the offense charged, the trial court loses jurisdiction to revoke the community supervision when the maximum period authorized by statute has expired; 2) whether an applicant who pleads guilty in exchange for a period of community supervision longer than that authorized by statute is estopped from complaining about a revocation that occurs within the period of community supervision received but after the maximum period of community supervision authorized by statute; and 3) whether the conviction for the count challenged by Applicant in this case was part of a package plea agreement, and if so, in what way that might affect the appropriate remedy in this case, should the Court find it necessary to fashion one. The parties shall brief these issues. In addition, the Office of the State Prosecuting Attorney is invited to submit briefing on these issues. Oral argument is permitted.

Applicant appears to be represented by counsel. If not, the trial court shall determine whether Applicant is indigent. If Applicant is indigent and wants to be represented by counsel, the trial court

shall appoint counsel to represent him. *See* TEX. CODE CRIM. PROC. art. 26.04. Within sixty days from the date of this order, the trial court shall send to this Court a supplemental transcript containing a confirmation that Applicant is represented by counsel, the order appointing counsel, or a statement that Applicant is not indigent or does not want to be represented by counsel. All briefs shall be filed with this Court within ninety days from the date of this order.

Filed:  March 16, 2022
Do not publish